al Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**WANG XING YUE,[1] Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[2] Attorney General, Respondents.**

**No. 04–4715–AG.**

United States Court of Appeals, Second Circuit.

Feb. 23, 2006.

1. The Clerk is requested to correct the order of Petitioner's name.

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

David X. Feng, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Laura Thomas Rivero, Emily M. Smachetti, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 23rd day of February, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Wang Xing Yue ("Wang"), through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.* (per curiam), 400 F.3d 963, 964 (2d Cir.2005).

■ Substantial evidence supports the IJ's adverse credibility finding. Wang's name was not included in the household registration, theoretically the best document to link him to his purported family in China, and he was unable to provide a consistent explanation for this discrepancy. Likewise, the IJ reasonably found suspicious his claim that he did not remember when he registered his marriage, when the purported marriage certificate was dated the same day as he provided, repeatedly,

for his traditional marriage. Because these documents confounded rather than bolstered his case, Wang's claim rested almost entirely on his testimony.

However, this testimony, which spans five hearing dates and six tapes, was neither coherent nor consistent, and the IJ pointed to any number of specific inconsistencies in Wang's testimony.

■ Wang also challenges the IJ's denial of CAT relief, but he failed to exhaust this claim before the BIA; therefore this Court lacks jurisdiction to address it. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 85–86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).